IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STANLEY YURGAITIS #20020064440,    )
                                    )
            Plaintiff,              )
                                    )
     v.                             )   No.  05 C 1431
                                    )
SUPERINTENDANT HARRISON, et al.,    )
                                    )
            Defendants.             )

## MEMORANDUM ORDER

Stanley Yurgaitis ("Yurgaitis"), who is in custody at the Cook County Department of Corrections ("County Jail"), has used the form 42 U.S.C. §1983 Complaint made available for prisoners' use by this District Court's Clerk's Office to file a claim against six law enforcement people at the County Jail, asserting violations of his constitutional rights stemming from an occurrence earlier this month. This memorandum order is issued sua sponte because the action has been prematurely brought in violation of 42 U.S.C. §1997e(a):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Yurgaitis is obviously aware of that statutory precondition, for he says this in his Complaint ¶III.D:

> Section 28, U.S.C. 1997(E) for assault, retaliation, and intimidation, no grievance is necessary or required.

But it has been clear ever since the Supreme Court's decision in

Porter v. Nussle, 534 U.S. 516 (2002) that such a view is mistaken. As our Court of Appeals has explained in Witzke v. Femal, 376 F.3d 744, 751 (7th Cir. 2004)(footnote omitted):

> In defining the term "prison conditions" as employed in the PLRA, the judicial focus up to now has been, understandably, on other interpretative problems. For instance, there was a great deal of litigation on whether an action based on a single occurrence of violence or excessive force could be classified as an action with respect to "prison conditions." The Supreme Court eventually resolved this issue in Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002), by holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Id. at 532, 122 S.Ct. 983. It is now clear that even an action based on a single event can be considered an action with respect to prison conditions.

That then requires dismissal of this action without prejudice, and this Court so orders. But Yurgaitis should also be aware of some other deficiencies in his present filing that he would have to cure if he were to try again after exhausting the administrative remedies available at the County Jail. In that event he would be required:

1. to submit enough counterparts of his new Complaint to provide the original for the Clerk's Office filing, one photocopy for this Court's chambers file and one photocopy for service on each defendant;

2. to provide a cover sheet and six copies of a summons (again one for service on each defendant); and

3. either to pay the $250 filing fee or to complete and submit two counterparts of an In Forma Pauperis Application ("Application")[1] together with a printout showing all transactions in his trust fund account at the County Jail during the six-month period that ends with the preparation and submission of his Complaint (in that last respect, the Application form includes a place for certification regarding the trust fund account by the appropriate County Jail official).

Milton I. Shadur
Senior United States District Judge

Date: March 16, 2005

---

[1] Copies of the cover sheet form, the summons form and the Application are being sent to Yurgaitis together with a copy of this order.